# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA NEGRETE, on behalf of Edward Carlos Negrete,<br><br>Petitioner,<br><br>v.<br><br>SAN DIEGO COUNTY SUPERIOR COURT, et al.,<br><br>Respondents. | Case No.: 18cv0922-H (BGS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Liliana Negrete, proceeding pro se, has filed a petition for writ of habeas corpus on behalf of her brother, Edward Carlos Negrete.[1]

---

[1] Filing a habeas corpus petition on behalf of another party requires "next friend" status. Whitmore v. Arkansas, 495 U.S. 149, 161-164 (1990). Next friend status is not "granted automatically," but requires the individual seeking it to provide "an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action," establish that he or she is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and "have some significant relationship with the real party in interest." Id. at 163-64. While it is premature for the Court to determine whether Liliana Negrete should be granted next friend status, if Petitioner chooses to continue with this action and file an amended petition, Petitioner is advised that "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has not paid the $5.00 filing fee and has not filed a motion to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

## **FAILURE TO USE PROPER FORM**

A Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. Cal. CivLR HC.2(b). Presently, the petition has not been submitted on a court-approved form.

## **ABSTENTION**

Further, it appears from the petition that Edward Negrete is currently in state custody and facing ongoing criminal proceedings. If this is correct, this Court may be barred from consideration of the petition by the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) ("Younger v. Harris . . . and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.") The concern is particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering any federal claims moot. Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983), distinguished by Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) (noting that if a petition contains both exhausted and unexhausted claims a district court must consider applying stay and abeyance procedures).

Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal

issue. <u>Columbia Basin Apartment Ass'n v. City of Pasco</u>, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria appear to be satisfied here. At the time the petition was filed, it appears that Edward Negrete was in the custody of the Superior Court of San Diego County and was being prosecuted for violations of California Health and Safety Code §§ 11351. (<u>See</u> ECF No. 1 at 3.) Thus, his criminal case appears to be ongoing in the state courts, and there is no question that the state criminal proceedings involve important state interests. Petitioner fails to show he has not been afforded an adequate opportunity to raise his federal issues on direct appeal, and offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims. As such, as currently pleaded, abstention appears appropriate. <u>See</u> <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.")

## **CONCLUSION**

The petition is dismissed without prejudice because Petitioner has not satisfied the filing fee requirement and has not used a court-approved petition form. If Petitioner wishes to proceed with this action he must either pay the $5.00 filing fee or submit an application to proceed in forma pauperis **and** file a first amended petition **on or before July 16, 2018**. Petitioner is cautioned that an amended petition will be subject to dismissal without prejudice unless he alleges facts showing that this Court must not abstain from interfering with ongoing state criminal proceedings pursuant to the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971). The Clerk of Court is directed to send a blank Southern District of California in forma pauperis application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED**.

DATED: May 16, 2018

_____
Marilyn L. Huff
United States District Judge